Filed 8/30/13  P. v. Hume CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C072706 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1212) |
| v. | |
| MARCUS NELSON HUME, | |
| Defendant and Appellant. | |

Defendant Marcus Nelson Hume pleaded guilty to second degree murder and admitted both a prior strike and having discharged a firearm causing great bodily injury or death.  In exchange, the People agreed defendant would serve a stipulated sentence of 55 years to life.  Defendant's ensuing appeal is subject to the principles of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, 110.  In accordance with the latter, we will provide a summary of the offenses and the proceedings in the trial court.

1

On September 11, 2012, an amended information was filed accusing defendant of second degree murder. (Pen. Code, § 187, subd. (a).) It was further alleged that defendant used a firearm to commit his crime (*id.*, former § 12022.5, subd. (a)), personally used and discharged a firearm causing great bodily injury or death (*id.*, former § 12022.53), and had two prior strikes.

Defendant pleaded guilty to second degree murder, admitted one strike, and admitted using a firearm to cause great bodily injury or death, in return for the dismissal of the remaining allegations and a stipulated sentence of 55 years to life (15 years to life, doubled for the strike, plus 25 years to life for the firearm discharge). The trial court awarded defendant 291 days of presentence custody credit. The court imposed a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)), a suspended $10,000 restitution fine (*id.*, § 1202.45), a $30 criminal conviction fee (Gov. Code, § 70373), and a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)). The court also ordered victim restitution totaling $10,018.91 ($4,838.91—pursuant to Pen. Code, § 1202.4, subd. (f)— and $5,180 to the restitution fund—pursuant to Pen. Code, § 1202.46), reserving the right to increase the amount later.

According to Marysville Police Department report No. 1112-2364, to which counsel stipulated as the factual basis for the plea, on December 31, 2011, defendant, along with several of his friends, planned to enter the victim's home and assault him. Upset about a sex tape the victim made with defendant's girlfriend, defendant made repeated statements that he was going to kill the victim.

An elaborate scheme was then put in place. Some of defendant's friends were to stand by as "lookouts," another (Kari M.) was to call Amber H. (the victim's girlfriend) to see if the victim was home, and others planned to "back up" defendant if there were problems. Kari called Amber and learned the victim was not home. Kari told Amber she was coming over with some friends, despite Amber's asking her not to come over. The individuals responsible for lookout duty assumed their position while defendant and

2

another of his friends drove to Amber's residence.  Defendant brought a sawed-off shotgun with him.

Responding to a phone call from Amber, asking for his help, the victim also drove to Amber's home.  As he approached, defendant and his friends pulled their truck alongside the victim's vehicle.  Defendant and the victim got out of their respective vehicles, there was a verbal altercation, and defendant shot the victim in the chest and face at a distance of approximately 15 to 20 feet.  The victim fell to the ground and died of his injuries.

Defendant appealed.  We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                    BUTZ                    , Acting P. J.


We concur:


                MAURO                , J.


                MURRAY                , J.


3